IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDOLPH EDWARD GILBERT, | § | |
| Movant, | § | |
| | § | 3:17-cv-1751-K (BT) |
| v. | § | 3:15-cr-0062-K (BT) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Movant's petition to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. For the foregoing reasons, the Court denies the petition.

## I.

Movant pleaded guilty to conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 ("Count One"), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count Three"). On June 22, 2016, the Court sentenced him to 120 months on Count One and 60 months on Count Three, to run consecutively. Movant did not file a direct appeal.

On June 22, 2017, Movant filed this § 2255 petition. He argues:

1. He did not knowingly and voluntarily plead guilty;

2. He received ineffective assistance of counsel when counsel:

    (a) failed to investigate and challenge the government's evidence for the

1

firearm charge in Count Three;

(b) failed to inform him of the possible penalties for the conspiracy charge in Count One; and

(c) failed to determine that his prior state convictions did not qualify as controlled substance offenses under the career offender provision in U.S.S.G. § 4B1.1.

II.

1. **Guilty Plea**

Movant argues his guilty plea was not voluntarily entered because his counsel failed to advise him of his constitutional rights before he pleaded guilty and failed to ensure there was sufficient evidence to support the plea.

A defendant's guilty plea must be made voluntarily, and the defendant must "make related waivers knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993).

Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of the guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows the "immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002).

Here, Movant fails to show his guilty plea was not voluntary. At rearraignment, the magistrate judge informed Movant of his constitutional rights, and Movant stated he understood his rights. (ECF No. 218 at 5-6.) Movant testified he reviewed the indictment with his attorney, and that he understood the charges. (*Id*. at 9.) He stated he understood the possibly penalties for the offenses, that he had discussed the sentencing guidelines with his attorney, and that he understood the judge would decide his sentence. (*Id*. at 7, 13-14.) Movant testified that he fully discussed his case and guilty plea with his attorney, and that he was satisfied with the advice from his attorney. (*Id*. at 9.) He stated that no one had coerced him into plead guilty, and that he was pleading guilty voluntarily. (*Id*. at 11.) Additionally, Movant stated he read and understood the Factual Resume, and he agreed that he committed each essential element of the offenses. (*Id*. at 11-12.) Movant's claim that his guilty plea was not voluntary is without merit.

3

## 2. Ineffective Assistance of Counsel

To sustain a claim of ineffective assistance of counsel, a petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive the petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, a petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

When a petitioner argues his guilty plea was not voluntary due to the ineffective assistance of counsel, he must show that his counsel's advice to plead guilty fell below the range of competence demanded of an attorney in a criminal case. *Hill v. Lockhart*,

4

474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Further, he must show prejudice by establishing "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Armstead*, 37 F.3d at 206.

**(a)   Firearm Charge**

Movant claims his counsel failed to investigate and challenge the government's evidence for the firearm charge in Count Three. He claims he was actually innocent of the charge, that "the record is devoid of evidence" to support the charge, and that he made no admissions regarding the gun charge. (ECF No. 2 at 8.)

Movant's claims are conclusory and are contradicted by the record. He does not state how a further investigation of the gun charge would have uncovered evidence favorable to the defense. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings). Movant also signed a Factual Resume in which he admitted that "during the course of his commission of the drug trafficking offense, he carried a firearm. . . . He admits that he knowingly possessed the firearm in furtherance of the drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1)(A)(i)." (ECF No. 76 at 5.) Additionally, at rearraignment, Movant testified that all facts in the Factual Resume were true and correct, (ECF No. 218 at 12-15), and he admitted that he committed each essential element of the offense. (*Id*. at 10-11.) Movant's ineffective assistance of claim

5

is without merit.

**(b)　Conspiracy Charge**

Movant claims his counsel failed to inform him that the conspiracy charge in Count One carried a statutory minimum sentence of five years and a maximum of forty years. The Factual Resume, however, contained the statutory minimum and maximum sentence for the offense. As discussed above, Movant testified at rearraignment that he reviewed the Factual Resume with his counsel before signing it, and he understood everything in the Factual Resume. (ECF No. 218 at 12.) At rearraignment, the prosecutor also read aloud the statutory minimum and maximum sentence for the charges, and Movant stated he understood the punishment range. (*Id*. at 13-14.) Movant's claim is without merit.

**(c)　Career Offender Enhancement**

Movant's sentence was enhanced under the career offender provision at U.S.S.G. § 4B1.1 based on his prior Texas convictions for delivery of a controlled substance, and possession with intent to deliver a controlled substance. (*See* ECF No. 94-1 at 32.) Movant argues the enhancement of his sentence based on these convictions was prohibited by the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and the Fifth Circuit's decision in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). In *Mathis*, the Supreme Court outlined the process by which a district court should determine, for the purposes of the Armed Career Criminal Act ("ACCA"), if a

defendant's prior state court conviction was one of the enumerated violent felonies listed in 18 U.S.C. § 924(e)(2)(B)(ii). In *Hinkle*, the Fifth Circuit applied *Mathis* to find that the Texas crime of delivery of a controlled substance was no longer a controlled substance offense under U.S.S.G. § 4B1.1. Further, in *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017), the Fifth Circuit applied *Mathis* to also find that the Texas crime of possession with intent to deliver a controlled substance was no longer a controlled substance offense under § 4B1.1.

At the time that Movant pleaded guilty and was sentenced, however, his Texas convictions for unlawful delivery of a controlled substance, and unlawful possession with intent to deliver a controlled substance, qualified as controlled substance offenses under § 4B1.1. *See United States v. Ford*, 509 F.3d 714, 717 (5th Cir. 2007). Counsel was not required to anticipate changes in the law. *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009).

Further, although Movant states he raises only ineffective assistance of counsel claims, (ECF No. 6 at 4), the Court notes that if Movant raised a free-standing claim that *Mathis* and *Hinkley* prohibited the career enhancement of his sentence under U.S.S.G. § 4B1.1, the claim would fail. A claim of misapplication of the sentencing guidelines is not cognizable under § 2255. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

III.

For the foregoing reasons, the petition to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 is DENIED.

SO ORDERED.

Signed October 15th, 2018.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE