IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDOLPH EDWARD GILBERT, | § | |
| #49143-177 | § | |
|     Movant, | § | |
| | § | No. 3:17-cv-01751-K |
| v. | § | No. 3:15-cr-00062-K-2 |
| | § | |
| UNITED STATES of AMERICA, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Movant Randolph Edward Gilbert's motion to proceed *in forma pauperis* on appeal (doc. 13). For the following reasons, Gilbert's motion is **denied**.

### I. BACKGROUND

Gilbert filed a motion to vacate, set-aside, or correct sentence on June 22, 2017. (Doc. 2.) On October 15, 2018, the Court denied the motion, denied a certificate of appealability (COA), and entered judgment. (Docs. 8-10.) On February 27, 2023, Gilbert filed a notice of appeal and a motion for leave to proceed *in forma pauperis* on appeal. (Docs. 11, 13.)

### II. DISCUSSION

To proceed *in forma pauperis* on appeal, an appellant must show financial eligibility and a nonfrivolous issue for appeal. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Under Federal Rule of Appellate Procedure 24(a)(3)(A), an

appellant is ineligible for *in forma pauperis* status if the court certifies that the appeal is not taken in good faith. "Good faith" means that the issues on appeal are not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). When the underlying claims are "entirely frivolous and had no possibility of success," the appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 201-02 (5th Cir. 1997). The determination of whether good faith exists "is limited to whether the appeal involves legal points arguable on the merits (and therefore not frivolous)." *United States v. Moore*, 858 F. App'x 172, 172 (5th Cir. 2021) (per curiam) (quoting *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted)). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam) (citing *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981)).

In this case, as discussed, the Court denied a COA on October 15, 2018. (Doc. 9.)  At that time, the Court found reasonable jurists would not find the Court's assessment of the constitutional claims was either debatable or wrong. *Id.* at 1 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court further found reasonable jurists would not find it debatable whether Gilbert's § 2255 motion stated a valid claim of the denial of a constitutional right or whether the Court was correct in its procedural ruling.  *Id.*  In sum, Gilbert has failed to present a nonfrivolous issue for appeal, and his motion must be denied.

## III. CONCLUSION

The Court finds Gilbert's appeal is not taken in good faith and DENIES his motion for leave to proceed *in forma pauperis* on appeal. Gilbert may challenge this finding by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit within 30 days from the date of this order. *See Baugh*, 117 F.3d at 202; *see also* Fed. R. App. P. 24(a)(5).

SO ORDERED.

Signed March 15th, 2023.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE